Martin E. Jerisat, SBN. 273770
Jerisat Law Firm
2372 Morse Ave., Ste. 322
Irvine, CA 92614
T: 714.571.5700
E: mjerisat@jk-lawfirm.com
Attorney for Plaintiff Starbuzz Tobacco, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION., a Delaware corporation, DOES 1-10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1. DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF TRADEMARKS; AND** <br><br> **2. DECLARATORY JUDGMENT FOR NON-DILUTION OF TRADEMARKS** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Starbuzz Tobacco, Inc. complains of Defendant Hershey Chocolate & Confectionery Corporation, and DOES 1-10, and alleges as follows:

## PARTIES

1. Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is now, and at all times relevant herein was, a corporation organized under the laws of the

State of California, with its principal place of business in the City of Garden Grove, California.

2. Defendant, Hershey Chocolate & Confectionery Corporation. ("HERSHEY" or "Defendant"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of Delaware, with its principal place of business in the City of Hershey, Pennsylvania.

3. The true names and identities, whether individuals, corporate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Starbuzz at this time, and Starbuzz, therefore, sues the DOES Defendants in fictitious capacities. Starbuzz would ask the court for leave to amend the Complaint when the identities of Defendants would be known. Starbuzz is informed and believes that each Defendant was responsible intentionally or in some other actionable manner for some of the events and happenings referred to here. Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for its acts and for its conduct, which are the true legal causes for the relief herein alleged.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. 2201(a), in that this Complaint raises federal questions under the United States Trademark Act

(Lanham Act), 15 U.S.C. §1051 *et seq*. and seeks declaratory relief from this Court to clarify the rights of the parties.

5. The Court has personal jurisdiction over Defendant Hershey because it has systematically and continuously engaged in substantial business activities in and directed to California. Defendant therefore knew or should have known that its activities were directed towards California, and the effect of those activities would be felt in California.

6. The exercise of personal jurisdiction over Defendant Hershey is also proper since its conduct is expressly aimed at California, through sale of various confectionery products in California, bearing the mark CITRUS MIST at issue in this Complaint.

7. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that a substantial portion of the events that are the subject of this action took place in this district, and that Defendant is subject to personal jurisdiction within this district.

## INTRODUCTION

8. Starbuzz is seeking a declaration that Starbuzz's use of the mark "CITRUS MIST" for chemical flavoring in liquid form used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form to refill electronic cigarette cartridges, or juice, in international class

30, does not infringe upon Defendant's trademark rights in CITRUS MIST for breath mints and/or candy, and does not dilute Defendant's trademark.

9. Defendant has accused Starbuzz of trademark infringement and dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

10. Defendant further demanded that Starbuzz cease and desist from using its CITRUS MIST® mark for e-liquid, provide accounting of Starbuzz's sales of e-liquid bearing the mark CITRUS MIST®, and enter into settlement with Defendant regarding the matter.

11. By this Complaint, Starbuzz seeks declaratory judgment that there is no likelihood of confusion between Starbuzz's mark and Defendant's mark when used in connection with e-liquid and tobacco products.

12. Starbuzz further seeks declaratory judgment that Starbuzz's use of the CITRUS MIST® mark does not dilute Defendant's mark.

## FACTUAL BACKGROUND

**Starbuzz's Ownership of the CITRUS MIST® mark**

13. Starbuzz is recognized worldwide as a manufacturer and supplier of premium hookah tobacco and other related products. Starbuzz has over two hundred and sixty (260) federally registered trademarks and trademark applications in the United States alone, and has sought to obtain worldwide intellectual property protection in more than 33 countries.

14. Starbuzz is the owner of the federally registered trademark CITRUS MIST® (Reg. No. 3,695,500) for "Pipe Tobacco; Molasses Tobacco; Tobacco; Smoking Tobacco; Flavored Tobacco; and Herbal Molasses herbs for smoking, Tobacco and Tobacco Substitutes," in International Class 034 (the "CITRUS MIST Mark"). (Exhibit A).

15. Starbuzz has been using the CITRUS MIST® Mark in commerce since 2008.

16. At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the CITRUS MIST® Mark for tobacco and related products.

17. Starbuzz has filed a trademark application for the mark CITRUS MIST for Chemical flavoring in liquid form used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges, in international class 30 (Exhibit B).

**Starbuzz's Continuous Use of the CITRUS MIST® Mark**

18. Starbuzz manufactures, distributes, imports, and sells tobacco and related products throughout the United States and internationally. Starbuzz prides itself on its reputation for high-quality tobacco and related products. Starbuzz sells its tobacco and related products to thousands of customers and clients, including

boutique stores, wholesalers, and suppliers. Starbuzz has used, created and marketed the CITRUS MIST® Mark continuously over the years.

19. Starbuzz uses the CITRUS MIST® Mark on advertising brochures, advertising leaflets, on the Internet, and on the packaging of its tobacco and related products.

20. Starbuzz's intellectual property and brand identity have substantial image recognition.

21. The CITRUS MIST® Mark is important as it serves as an easily-recognizable identifier of the high quality goods that Starbuzz offers. There is a particularly close association among consumers between Starbuzz, the CITRUS MIST Mark®, and the quality of the tobacco and related products offered under the CITRUS MIST® Mark. For consumers, customers, vendors, and clients, the CITRUS MIST® Mark is associated with original, flavorful, and smooth tobacco and related products, which are of the highest quality at an affordable price.

22. Starbuzz's rights to the CITRUS MIST® Mark are not limited to molasses tobacco products, but extend to related products within the same industry and market, or within the natural zone of expansion, including e-liquid.

23. Starbuzz, therefore, expanded its use of the CITRUS MIST® Mark to related products, including e-liquid and related items.

**No Likelihood of Confusion between Starbuzz's CITRUS MIST® for tobacco and Hershey's CITRUS MIST for breath saver**

24. There is also no similarity between Starbuzz's CITRUS MIST® mark and Hershey's CITRUS MIST mark as used in the marketplace.

25. The label for the products bearing Starbuzz's CITRUS MIST® Mark is completely different from the label of the products bearing Hershey's CITRUS MIST mark.

26. The fonts, colors, background, arrangement, and pictures associated with Starbuzz's CITRUS MIST® mark bears no similarity to the font, colors, background, arrangement and picturing of labels associated with Hershey's CITRUS MIST mark.  Additionally, "CITRUS MIST" is accompanied by the Starbuzz's name and logo, thereby avoiding any likelihood of confusion.




27. Because no likelihood of confusion exists between Starbuzz's CITRUS MIST® and Hershey's CITRUS MIST, Starbuzz has not infringed upon Hershey's CITRUS MIST mark.

**No Dilution of Hershey's CITRUS MIST Mark**

28. Starbuzz is informed and believes, and on that basis alleges, that the Hershey's CITRUS MIST is not widely recognized by the general consuming public.

29. Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz's use of "CITRUS MIST" does not weaken Hershey's CITRUS MIST since the respective goods are different as well as the channels of trade.

30. Starbuzz is also informed and believes, and on that basis alleges, that there is no tarnishment of Hershey's CITRUS MIST Mark because Starbuzz is not using "CITRUS MIST" inappropriately or in an unflattering manner. Starbuzz is using "CITRUS MIST" on tobacco and other related products, including e-liquid.

31. Therefore, there is no trademark dilution based upon Starbuzz's use of the "CITRUS MIST" mark on its tobacco products.

**Defendant's Wrongful Demands**

32. On or about May 8, 2014, Starbuzz received a cease and desist letter from Hershey, who was writing on behalf of its subsidiaries and affiliates, including Defendant, demanding that Starbuzz cease and desist from all use of

"CITRUS MIST," agree to cooperate in the alleged investigation of any other parties with which Starbuzz have a relationship involving Starbuzz's CITRUS MIST®, provide copies of sales of CITRUS MIST product, surrender all items in Starbuzz's possession related to the CITRUS MIST® mark, and provide accounting of all profits made from the sale of Starbuzz's CITRUS MIST product. A true and correct copy of the letter is attached hereto as Exhibit C.

33.  In the letter, Defendant further accused Starbuzz of trademark infringement and dilution of Hershey's CITRUS MIST Mark. In particular, the letter stated that "use of the CITRUS MIST Trademark by persons or entities not affiliated with Hershey can result in a likelihood of confusion for consumers and can dilute the value of our client's trademarks.  This use may cause significant consumer confusion as to the source, affiliation or sponsorship of the product. Even if the public is not confused as to the source of the product, your use of the CITRUS MIST Trademark in this manner will undoubtedly cause dilution of these assets."

34.  Based upon the cease and desist letters, and since Starbuzz is making bona fide use of the "CITRUS MIST" mark in connection with its tobacco and related products, there is an actual controversy as to whether Plaintiff's use of the "CITRUS MIST" mark infringes upon and dilutes Hershey's CITRUS MIST Mark.

35. By this Complaint, Starbuzz seeks declaratory relief from this Court to clarify its rights to the "CITRUS MIST" mark and Defendant's rights in the CITRUS MIST Marks.

36. By this Complaint, Starbuzz also seeks declaratory relief from this Court that Starbuzz's use of the "CITRUS MIST" mark in connection with e-liquid and tobacco products does not infringe upon and dilute Defendant's CITRUS MIST Mark.

37. Hershey has filed an opposition in the United States Trademark and Trial Appeal Board ("TTAB"), opposition No. 91216242, alleging that Starbuzz's CITRUS MIST application appears to be "an attempt to extort the goodwill established by Hershey and/or attempt to trick the consuming public into believing that its goods are related to Hershey's CITRUS MIST brand candy and mints, or the flavors associated with those products." A true and correct copy of the opposition is attached hereto as Exhibit D.

### FIRST CLAIM FOR RELIEF
**[Declaratory Judgment for Non-Infringement of Trademarks]**

38. Starbuzz re-alleges and incorporates by this reference all prior paragraphs as if fully set forth herein.

39. Based upon Defendant's use of the CITRUS MIST Marks and Starbuzz's use of CITRUS MIST for e-liquid, an actual controversy has arisen and now exists between Starbuzz and Defendant concerning their respective trademark

rights. This controversy is of sufficient immediacy to warrant a declaratory judgment.

40. Specifically, Defendant has accused Starbuzz that its use of CITRUS MIST on e-liquid infringes upon Defendant's rights to its CITRUS MIST Mark for breath mints and candy.

41. Starbuzz asserts that there is no likelihood of confusion between "CITRUS MIST" and Hershey's CITRUS MIST Mark, based on the lack of similarity in appearance, pronunciation, commercial impressions, trade channels, between the marks, among other factors.

42. A judicial determination is essential at this time with respect to the parties' rights to their marks.

43. Starbuzz therefore seeks a declaration from this Court that its use of "CITRUS MIST" on e-liquid and related tobacco products and goods does not infringe upon Hershey's CITRUS MIST Mark for breath mints and candy because consumers are not likely to be confused as to the source of Starbuzz's goods and Hershey's goods.

### SECOND CLAIM FOR RELIEF
### [Declaratory Judgment for Non-Dilution of Trademarks]

44. Starbuzz re-alleges and incorporates by this reference all prior paragraphs as if fully set forth herein.

45. Based upon the cease and desist letters sent to Starbuzz and the opposition filed by Defendant Hershey in the TTAB, an actual controversy has arise and now exists between Starbuzz and Defendant Hershey regarding Starbuzz's use of CITRUS MIST for e- liquid and related tobacco products. The controversy is of sufficient immediacy to warrant a declaratory judgment.

46. Specifically, Defendant Hershey, has alleged that Starbuzz's use of CITRUS MIST has diluted Defendant's CITRUS MIST Mark.

47. Starbuzz asserts that there is no dilution, based on the fact that: (1) Hershey's CITRUS MIST mark is not a famous mark; (2) there is no likelihood of confusion between Starbuzz's CITRUS MIST and Defendant Hershey's CITRUS MIST Mark; and (3) Starbuzz has not weakened or tarnished Hershey's CIRTUS MIST mark.

48. A judicial determination is essential at this time with respect to the parties' rights to their marks.

49. Starbuzz therefore seeks a declaration from this Court that its use of CITRUS MIST has not diluted Defendant's CITRUS MARK because Hershey's CITRUS MIST Marks is not famous, consumers are not likely to be confused as to the source of Starbuzz's goods and Defendant Hershey's breath mints and candy, and there was no weakening or tarnishment of the Hershey's CITRUS MIST mark

through Starbuzz's use of "CITRUS MIST" on its e-liquid and other related tobacco products.

## PRAYER FOR RELIEF

WHEREFORE, Starbuzz respectfully prays for judgment against Defendant as follows:

1. An order declaring that Starbuzz's "CITRUS MIST" mark is not confusingly similar to Defendant's CITRUS MIST mark;

2. An order declaring that Starbuzz's use of "CITRUS MIST" mark on e-liquid and related tobacco products does not infringe upon Defendant Hershey's CITRUS MIST's mark;

3. An order declaring that Starbuzz's use of the "CITRUS MIST" mark on e-liquid and related tobacco products does not dilute Defendant Hershey's CITRUS MIST mark;

4. An order for an award of attorneys' fees and costs of this action, in an amount to be determined at trial;

5. Such additional and further relief as may follow from the entry of a declaratory judgment; and

6. Any other and further relief as the Court deems appropriate, proper and just.

DATED: May 30, 2014                     Respectfully Submitted,


                                        /s/ Martin E. Jerisat
                                        Martin E. Jerisat
                                        Attorneys for Plaintiff
                                        Starbuzz Tobacco, Inc.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all triable counts.

DATED: May 30, 2014                    Respectfully Submitted,

                                        /s/ Martin E. Jerisat
                                        Martin E. Jerisat
                                        Attorney for Plaintiff
                                        Starbuzz Tobacco, Inc.