1  Robert Barnes (No. 119515)
   robert.barnes@kayescholer.com
2  Oscar Ramallo (No. 241487)
   oscar.ramallo@kayescholer.com
3  KAYE SCHOLER LLP
4  1999 Avenue of the Stars, Suite 1700
   Los Angeles, California  90067
5  Telephone:  (310) 788-1000
   Facsimile:   (310) 788-1200
6

7

8  Attorneys for Defendant/Counterclaimant
   Hershey Chocolate & Confectionery Corporation
9

10

11              **IN THE UNITED STATES DISTRICT COURT
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

13  STARBUZZ TOBACCO, INC.,            Case No. 8:14-cv-00831

14           Plaintiff,                **ANSWER AND
                                       COUNTERCLAIMS FOR:**
15       v.
                                       **(1) Trademark Infringement
16  HERSHEY CHOCOLATE &                    Under 15 U.S.C. § 1114**
17  CONFECTIONERY CORPORATION
    and DOES 1–10,                     **(2) Trademark Infringement and
18                                         Unfair Competition Under
             Defendants.                   15 U.S.C. § 1125(a); and**
19
                                       **(3) State Law Unfair Competition
20  HERSHEY CHOCOLATE &                    and Trademark Infringement**
    CONFECTIONERY CORPORATION,
21                                     **DEMAND FOR JURY TRIAL**
             Counterclaimant,
22

23       v.

24  STARBUZZ TOBACCO, INC.,

25           Counter-Defendant.

26

27

28

# ANSWER

Defendant Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate"), for its Answer to the Complaint filed by Plaintiff Starbuzz Tobacco, Inc. ("Starbuzz") pleads as follows. Hershey Chocolate generally denies all allegations except those specifically admitted.

1. Denied, based on lack of knowledge or information.

2. Admitted that Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware. Any remainder is denied.

3. Denied.

4. Admitted that Starbuzz has brought claims arising under federal law and that Starbuzz purports to seek declaratory relief. Denied that such relief is proper.

5. Denied. However, Hershey Chocolate is not contesting personal jurisdiction.

6. Denied. However, Hershey Chocolate is not contesting personal jurisdiction.

7. Denied.

8. Admitted that Starbuzz is seeking declaratory judgment relief, but denied that there is any basis in law or fact for the relief sought by Starbuzz.

9. Admitted.

10. Admitted that Hershey Chocolate demanded Starbuzz cease infringement and agree to a settlement with certain terms. Any remainder is denied.

11. Admitted that Starbuzz is seeking declaratory judgment relief, but denied that there is any basis in law or fact for the relief sought by Starbuzz.

12. Admitted that Starbuzz is seeking declaratory judgment relief, but denied that there is any basis in law or fact for the relief sought by Starbuzz.

13. Denied, based on lack of knowledge or information.

1  14. Admitted that Starbuzz is listed as owner of Registration No. 3,695,500. Any remainder is denied.

15. Denied, based on lack of knowledge or information.

16. Denied.

17. Admitted that Starbuzz has filed such trademark application. Denied that the application is meritorious.

18. Denied, based on lack of knowledge or information.

19. Denied, based on lack of knowledge or information.

20. Denied, based on lack of knowledge or information.

21. Denied, based on lack of knowledge or information.

22. Denied.

23. Admitted that Starbuzz has expanded into e-liquid. Denied that such expansion was lawful.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted that Hershey Chocolate sent the letter attached as Exhibit C to the Complaint. Hershey Chocolate refers to that letter for the contents thereof. Any remainder, and any characterizations of that letter by Starbuzz, are denied.

33. Admitted that Hershey Chocolate sent the letter attached as Exhibit C to the Complaint. Hershey Chocolate refers to that letter for the contents thereof. Any remainder, and any characterizations of that letter by Starbuzz, are denied.

34. Admitted a case or controversy exists as to whether Starbuzz is

1  infringing.  Any remainder is denied.

2  35. Admitted that Starbuzz is seeking declaratory judgment relief, but
3  denied that there is any basis in law or fact for the relief sought by Starbuzz.

4  36. Admitted that Starbuzz is seeking declaratory judgment relief, but
5  denied that there is any basis in law or fact for the relief sought by Starbuzz.

6  37. Admitted that Hershey Chocolate filed the opposition and that Exhibit
7  D is a copy of the Notice of Opposition.  Hershey Chocolate refers to Exhibit D for
8  the contents of the Notice of Opposition.  Any remainder is denied.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment for Non-Infringement of Trademarks)

38. All previous paragraphs are incorporated here.

39. Admitted a case or controversy exists as to whether Starbuzz is infringing.  Any remainder is denied.

40. Admitted.

41. Admitted that Starbuzz asserts that there is no likelihood of confusion, but denied that Starbuzz's assertion is correct.  Any remainder is denied.

42. Admitted.

43. Admitted that Starbuzz is seeking declaratory judgment relief, but denied that there is any basis in law or fact for the relief sought by Starbuzz.  Any remainder is denied.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment for Non-Dilution of Trademarks)

44. All previous paragraphs are incorporated here.

45. Denied.

46. Admitted.

47. Admitted that Starbuzz asserts that there is no dilution, but denied that Starbuzz's assertion is correct.  Any remainder is denied.

48. Denied.

49. Admitted that Starbuzz is seeking declaratory judgment relief, but denied that there is any basis in law or fact for the relief sought by Starbuzz. Any remainder is denied.

## AFFIRMATIVE DEFENSES

Without admitting it has the burden of proof on any issue, Hershey Chocolate raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

50. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

51. The Complaint is barred under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

52. The Complaint is barred under the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

53. The Complaint is barred under the doctrine of waiver.

## COUNTERCLAIMS

Counterclaimant Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate") for its Counterclaims against Counter-defendant Starbuzz Tobacco, Inc. ("Starbuzz") for trademark infringement, false designation of origin and unfair competition, pleads and alleges as follows:

### NATURE AND BASIS OF THE ACTION

54. This action is brought by Hershey Chocolate against Starbuzz under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and state law, seeking preliminary and permanent injunctive relief, disgorgement of profits, compensatory damages, punitive damages and other relief relating to the sale of products that infringe Hershey Chocolate's CITRUS MIST® trademark.

### PARTIES

55. Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033. Hershey Chocolate is the owner of the CITRUS MIST® trademark.

56. On information and belief, Counter-defendant Starbuzz is a California corporation with its principal place of business in Garden Grove, California.

### JURISDICTION AND VENUE

57. The Court has subject matter jurisdiction over Hershey Chocolate's federal law claims for trademark infringement, false designation of origin, and unfair competition under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has subject matter jurisdiction over Hershey Chocolate's state law claims under 28 U.S.C. § 1367 and, because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity of citizenship, under 28 U.S.C. § 1332.

58. The Court has personal jurisdiction over Counter-defendant because, upon information and belief, Counter-defendant is a California corporation; is

headquartered in California; is present and doing business in California and this judicial district either directly or through its agents; has distributed its infringing products to, and offered its infringing products for sale in, California and this judicial district; and initiated this action in California and this judicial district.

59. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant is subject to personal jurisdiction in this judicial district and because a substantial part of the events giving rise to Hershey Chocolate's claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

60. Hershey Chocolate owns an incontestable, valid, subsisting and existing federal trademark registration (No. 2,958,281) in the word mark CITRUS MIST® for "breath mints [and] candy." A true and correct copy of the CITRUS MIST® registration certificate is attached hereto as Exhibit A.

61. Hershey Chocolate's parent and licensee of the CITRUS MIST® mark, The Hershey Company, is a well-known candy manufacturer and has used the CITRUS MIST® mark in commerce since at least as early as January 13, 2004. Under the license, The Hershey Company's usage of the mark inures to the benefit of Hershey Chocolate. CITRUS MIST® candy and mints are sold throughout the United States. Over the past ten years, Hershey Chocolate has exercised care, skill and diligence in consistently providing high quality candy products in connection with its CITRUS MIST® trademark. Consumers have come to associate Hershey Chocolate's CITRUS MIST® trademark exclusively with candy and mints originating from Hershey Chocolate and Hershey Chocolate alone.

62. Well after Hershey Chocolate first began using its CITRUS MIST® trademark, Starbuzz began using the identical mark for a flavored electronic cigarette liquid (e-liquid) used to refill electronic cigarette cartridges. According to a trademark application filed by Starbuzz, Starbuzz claims a date of first use in commerce of no earlier than November 8, 2013, almost ten years later than Hershey

Chocolate's first use in commerce.

63. The Starbuzz product is sold in bottles that are prominently emblazoned with the term CITRUS MIST™ which is identical to Hershey Chocolate's incontestable and long-established trademark.

64. Starbuzz's goods are closely related to Hershey Chocolate's goods in that both are candy-flavored products meant for human consumption. To the extent the product lines are different, consumers may easily believe that a company that sells breath mints and candy under the CITRUS MIST® brand would be likely to expand its product lines to similarly-flavored e-liquids under the same brand name.

65. Moreover, breath mints and e-liquid refills are both sold in markets and convenience stores, often in close proximity to each other. Both breath mints and e-liquids are relatively inexpensive products and are often "impulse buys," suggesting that consumers are unlikely to exercise care when purchasing those products.

66. Further, purchasers of both products are not necessarily sophisticated, as they are offered to a broad array of people in the general public. Indeed, many of the consumers of Hershey Chocolate's products are children. Similarly, sale of e-liquids to minors is not barred in many jurisdictions,[1] and it is likely that, even where sales to minors are restricted, a large number of the consumers purchasing candy-flavored e-liquid products are underage children.

67. Given the strength of Hershey Chocolate's mark, the close relation between the parties' goods, the likelihood of product line expansion, the use of identical marks, Starbuzz's knowing use of a mark identical to Hershey Chocolate's, the similarity of marketing and advertising channels, and the lack of

---

[1] *See* 79 Fed. Reg. 23142, 23160 (Apr. 25, 2014) (seeking comments on proposed federal regulation of sale to minors and noting "not all states have laws preventing the sale of tobacco products that would be covered by this rule to minors under the age of 18").

consumer sophistication and discrimination, Starbuzz's actions inevitably will cause confusion among consumers as to the origin, source or sponsorship of Starbuzz's CITRUS MIST products.

68. Accordingly, Starbuzz's acts are causing and will continue to cause damage and irreparable harm to Hershey Chocolate and the valuable reputation and goodwill of its marks with purchasers and consumers.

## FIRST CLAIM FOR RELIEF
## Infringement of Federally Registered Mark
## Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

69. All previous paragraphs are incorporated here.

70. This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, as amended.

71. The mark used by Starbuzz, as described above, infringes, is confusingly similar to, and is a colorable imitation of the CITRUS MIST® mark, which is protected by an incontestable, valid, subsisting and existing federal trademark registration (No. 2,958,281).

72. Starbuzz's unauthorized use of the aforementioned mark is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of its products.

73. On information and belief, Starbuzz's acts of trademark infringement have been done willfully and deliberately, and Starbuzz has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

74. Starbuzz's willful and deliberate acts described above have caused injury and damages to Hershey Chocolate, and have caused irreparable injury to Hershey Chocolate's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey Chocolate has no adequate remedy at

law.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement,

### False Designation of Origin and Unfair Competition

### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

75. All previous paragraphs are incorporated here.

76. This claim is for infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. By its unauthorized use of the mark dress described above, Starbuzz has (i) infringed the CITRUS MIST® mark; (ii) falsely designated the origin of its products, and (iii) competed unfairly with Hershey Chocolate, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78. On information and belief, Starbuzz's acts of trademark infringement, false designation of origin, and unfair competition have been done willfully and deliberately and Starbuzz has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

79. Starbuzz's willful and deliberate acts described above have caused injury and damages to Hershey Chocolate, and have caused irreparable injury to Hershey Chocolate's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey Chocolate has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

80. All previous paragraphs are incorporated here.

81. This claim is for trademark infringement and unfair competition in violation of the common law of the State of California.

82. Starbuzz's use of its infringing mark, as described above, constitutes common law trademark infringement, passing off, and unfair competition in

violation of common law.

83. On information and belief, Starbuzz's acts of common law trademark infringement, passing off, and unfair competition have been done willfully and deliberately, and Starbuzz has profited and been unjustly enriched by sales that Starbuzz would not otherwise have made but for its unlawful conduct.

84. Starbuzz's willful and deliberate acts described above have caused injury and damages to Hershey Chocolate and have caused irreparable injury to Hershey Chocolate's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey Chocolate has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Hershey Chocolate prays that this Court enter judgment against Starbuzz as follows:

A. Preliminary and permanent injunctive relief, prohibiting the unlawful conduct described herein;

B. Ordering an accounting of all gains, profits, savings and advantages realized by Starbuzz from its aforesaid acts of trademark infringement, false designation of origin, and unfair competition, and awarding treble profits pursuant to 15 U.S.C. § 1117(a) on the ground that Starbuzz engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

C. Awarding such damages as Hershey Chocolate shall establish in consequence of Starbuzz's aforesaid acts of trademark infringement, false designation of origin, and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Hershey Chocolate for its damages, pursuant to 15

U.S.C. § 1117(a);

D. Ordering Starbuzz to pay for, and cause to be disseminated, corrective advertising to ameliorate the adverse consequences of Starbuzz's acts of trademark infringement, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by Hershey Chocolate and this Court;

E. Awarding Hershey Chocolate its costs and expenses of this action;

F. Declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of Starbuzz's acts;

G. Awarding Hershey Chocolate punitive damages in an amount to be determined by the trier of fact for Starbuzz's willful and knowing trademark infringement and unfair competition, pursuant to the common law; and

H. Granting such other and further relief as this Court may deem just and proper.

Dated: November 13, 2014 Respectfully submitted,

　　　*/s/ Oscar Ramallo*
Oscar Ramallo (No. 241487)
oscar.ramallo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

*Attorneys for Defendant/Counterclaimant*
*Hershey Chocolate & Confectionery*
*Corporation*

## JURY DEMAND

Hershey Chocolate & Confectionery Corporation demands a jury trial on all issues so triable.

Dated: November 13, 2014

                                       */s/ Oscar Ramallo*
                                       Oscar Ramallo (No. 241487)
                                       oscar.ramallo@kayescholer.com
                                       KAYE SCHOLER LLP
                                       1999 Avenue of the Stars, Suite 1700
                                       Los Angeles, California 90067
                                       Telephone: (310) 788-1000
                                       Facsimile: (310) 788-1200

                                       *Attorneys for Defendant/Counterclaimant Hershey Chocolate & Confectionery Corporation*

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Reg. No. 2,958,281
Registered May 31, 2005

TRADEMARK
PRINCIPAL REGISTER



CITRUS MIST

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)
4860 ROBB STREET, SUITE 204
WHEAT RIDGE, CO 80033

FOR: BREATH MINTS, CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 7-13-2004; IN COMMERCE 1-13-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE OR COLOR.

OWNER OF U.S. REG. NO. 2,907,290.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'CITRUS', APART FROM THE MARK AS SHOWN.

SN 78-291,597, FILED 8-31-2003.

CAROLINE WOOD, EXAMINING ATTORNEY